UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD MENDOZA,<br><br>　　　　Defendant. | CR. NO. 2:07-0248-12 WBS<br><br>ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |

----oo0oo----

　　　　Before the court is defendant Richard Mendoza's Motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) ("section 3582(c)(2)") and Amendment 782 to the United States Sentencing Guidelines ("Guidelines"). (Def.'s Mot. (Docket No. 1503).)

　　　　On August 2, 2010, defendant entered into a plea agreement with the government whereby he agreed to plead guilty to one count of possession with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). (Plea Agreement (Docket No. 645).) The plea agreement provided

1

that a sentence of 210 months imprisonment would be appropriate in defendant's case. (Id. at 6.)

On November 22, 2010, the United States Probation Office issued a presentence report ("PSR") in defendant's case. (Presentence Report.) The PSR recommended a total offense level of 35 and criminal history category of IV, and a resulting Guidelines sentencing range of 235 to 293 months, for defendant. (Id. at 23.)

On December 13, 2010, the court held a sentencing hearing for defendant. (Dec. 13, 2010 Tr. (Docket No. 839).) At the hearing, the court adopted the PSR and found defendant's total offense level to be 35, criminal history category to be IV, and Guidelines sentencing range to be 235 to 293 months. (Id. at 2.) Citing the fact that defendant's criminal history category "would . . . have been a category III had it not been for a juvenile matter which [defendant] was given one [criminal history] point" for, the court sentenced defendant to 210 months in prison. (Id. at 10.)

On November 1, 2014, the United States Sentencing Commission ("Commission") promulgated Amendment 782 to the Guidelines, which reduced the base offense level of many drug crimes listed in the Guidelines drug quantity table by two levels. United States v. Mitchell, No. 1:12-CR-0199 LJO SKO, 2016 WL 4161082, at *1 (E.D. Cal. Aug. 4, 2016). The Commission voted to make Amendment 782 retroactively applicable. See U.S.S.G., sup. App'x C, amend. 788 (2014); United States v. Navarro, 800 F.3d 1104, 1107 (9th Cir. 2015).

Defendant now moves for a sentence reduction pursuant

to Amendment 782 and section 3582(c)(2). (Def.'s Mot.) The government opposes defendant's Motion. (Gov't's Opp'n (Docket No. 1517).)

Section 3582(c)(2) allows the court to "reduce the term of imprisonment" of a defendant who was "sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Supreme Court held in Dillon v. United States, 560 U.S. 817 (2010) that section 3582(c)(2) "establishes a two-step inquiry." Id. at 826. At step one, the court must determine whether a sentence reduction would be consistent with section 1B1.10 of the Guidelines ("section 1B1.10"). Id. "At step two," the court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies [stated in section 1B1.10] is warranted in whole or in part under the particular circumstances of the case." Id. at 827. At step two, the court "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "may consider [the defendant's] post-sentencing conduct." See U.S.S.G. § 1B1.10, comment. n.1(B).

The parties dispute whether reducing defendant's sentence pursuant to Amendment 782 would be consistent with section 1B1.10. Section 1B1.10 states that a "reduction in [a] defendant's term of imprisonment is not consistent" with its terms if the amendment pursuant to which the defendant seeks the reduction "does not have the effect of lowering [his] guideline range." Id. § 1B1.10(a)(2). The government contends that

3

Amendment 782 did not have the effect of lowering defendant's Guidelines sentencing range because the quantity of drugs defendant admitted to being responsible for at the time of sentencing is sufficient to trigger the same base offense level under the revised drug quantity table that it triggered under the 2010 version of the drug quantity table--38. (See Gov't's Opp'n at 2-4.) Defendant argues that Amendment 782 did have the effect of lowering his Guidelines sentencing range because the quantity of drugs he admitted to at sentencing is only sufficient to trigger a base offense level of 32 or, alternatively, 36 under the revised drug quantity table. (See Def.'s Reply at 1-2 (Docket No. 1521).) The court need not resolve this dispute. The court will assume, without deciding, that Amendment 782 lowered defendant's Guidelines sentencing range and defendant is eligible for a sentence reduction at Dillon step one.

At Dillon step two, the government contends, and the court agrees, that a sentence reduction is not warranted in defendant's case. Prison discipline records submitted by the government indicate that: (1) in 2011, defendant communicated gang affiliation with his clothes; (2) in 2014, defendant possessed marijuana and tobacco; and (3) in 2015, defendant assaulted another inmate. (See Gov't's Opp'n Ex. A, Mendoza Prison Discipline Records (Docket No. 1517-1).) Such records suggest that defendant has not been reformed and poses a safety risk to the public. Having considered defendant's post-sentencing conduct and the applicable section 3553(a) factors, the court finds that a sentence reduction is not warranted in defendant's case. Accordingly, the court will deny defendant's

4

| | |
|---|---|
| 1 | Motion. |
| 2 | IT IS THEREFORE ORDERED that defendant's Motion for a |
| 3 | sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) be, and the |
| 4 | same hereby is, DENIED. |
| 5 | Dated: May 31, 2017 |

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE